■ CRIIMI MAE SERVICES LIMITED PARTNERSHIP, Individually and as Subrogee of GMAC COMMERCIAL MORTGAGE CORP., Respondent, v NASSAU BAY ASSOCIATES, L.P., Appellant, et al., Defendant. [724 NYS2d 735] —Order, Supreme Court, New York County (Helen Freedman, J.), entered October 30, 2000, which, to the extent appealed from, denied that branch of defendant Nassau Bay Associates' motion seeking dismissal pursuant to CPLR 3211 of plaintiff's third cause of action premised upon the doctrine of equitable subrogation, unanimously affirmed, with costs.

In view of plaintiff mortgage service provider's allegations that, to protect its own interest and avoid litigation (*see, Meckel v Continental Resources Co.,* 758 F2d 811, 814 n 1), it satisfied an existing obligation of defendant mortgage obligor Nassau Bay under a mortgage note, the motion court correctly found that the amended complaint adequately stated a claim to recover from Nassau Bay upon the theory that plaintiff had, to the extent of its payment, become equitably subrogated to the rights of the mortgage obligee (*see, Gerseta Corp. v Equitable Trust Co.,* 241 NY 418, 425-426). Neither mistakes by plaintiff in calculating the amount of the prepayment penalty owed by Nassau Bay, nor the reassignment of the loan to a different lender at the refinance closing relieved Nassau Bay of its obligation to pay the full prepayment penalty amount, since, pursuant to the mortgage note, these payments were absolutely and unconditionally due and payable on the prepayment date. Concur—Sullivan, P. J., Nardelli, Williams, Tom and Friedman, JJ.